**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway
Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS GARTRELL,<br><br>            Plaintiff,<br><br>    v.<br><br>VIKING CLIENT SERVICES, LLC,<br><br>            Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.;**<br><br>**2. VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes RUFUS GARTRELL ("Plaintiff"), by and through the undersigned, complaining as to the conduct of VIKING CLIENT SERVICES, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1.  Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") pursuant to Cal. Civ. Code §1788, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

1

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.  Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred within, the Eastern District of California.

**PARTIES**

4.   Plaintiff is a consumer over 18 years of age residing in California City, California, which is located within the Eastern District of California.

5.   Plaintiff is a natural "person" as defined by 47 U.S.C. §153(39).

6.   Defendant is a third party debt collector identifying itself as "a privately held recovery, claims management, and payment processing company."[1] Defendant is a limited liability company organized under the laws of the state of Minnesota with its principal place of business located at 7500 Office Ridge Circle, Suite 100, Eden Prairie, Minnesota.

7.   Defendant is a "person" as defined by 47 U.S.C. §153(39).

8.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

9.   The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject consumer debt") said to be owed by Plaintiff.

---

[1] https://www.vikingservice.com/about-us

2

10. Upon information and belief, the subject consumer debt stems from Plaintiff's purported default in connection with a credit card Plaintiff used for personal purposes.

11. On or about July 13, 2020, Defendant sent Plaintiff a collection letter attempting to collect upon the subject consumer debt.

12. This collection letter was the first written communication Plaintiff received from Defendant.

13. Because it was the first collection letter Plaintiff received from Defendant, Defendant was required to identify, pursuant to 15 U.S.C. § 1692g(a)(2) "the name of the creditor to whom the debt is owed."

14. Defendant's collection letter fails to sufficiently disclose the name of the creditor to whom the subject debt is purportedly owed, in violation of the FDCPA.

15. Defendant's collection letter provides the following information regarding the subject debt:

VCS Account #: ███ 501
Current Creditor: UHG I LLC
Current Account #: XXXXXXXX3444
UHG I LLC is the owner of your account.

Original Creditor:
Original Account #: XXXXXXXX3444
Account Balance: $1904.83

16. However, Defendant's collection letter fails to indicate with sufficient clarity the creditor to whom Plaintiff's debt is owed.

17. Upon information and belief, UHG 1, LLC ("UHG") is a debt purchaser who frequently purchases mass portfolios of consumer debt for pennies on the dollar.

18. However, Plaintiff had never previously experienced the UHG acronym nor would have any idea who exactly this illusory UHG was, creating confusion in Plaintiff as to the precise entity to whom the subject consumer debt is said to be owed.

3

19. As such, Defendant's attempt to identify the creditor to whom the subject debt owed utilized a non-obvious and never-previously-encountered acronym in attempting to explain to Plaintiff to whom his debt was not owed.

20. Defendant's failure to clearly identify the current creditor to whom the subject debt was purportedly owed is exacerbated by its failure to identify the original creditor of the subject debt.

21. Although the collection letter contains an original account number which, upon information and belief, reflects a personal credit card purportedly incurred by Plaintiff, Plaintiff was confused and deceived as to what precise debt Defendant was attempting to collect on behalf of the completely unknown UHG as he did not recognize the last four digits of the account and could not determine who the original creditor was.

22. As such, Defendant's collection letter misled and deceived Plaintiff by completely depriving Plaintiff of any ability to go about intelligently responding to the nature of Defendant's collection efforts, given its failure to both identify the creditor to whom the subject debt was owed, as well as the original creditor from whom the subject debt emanated.

23. Plaintiff was deceptively and misleadingly prevented from being able to determine and assess the nature of Defendant's collection efforts, given the wholly deficient and incomplete information provided in its collection letter.

24. Plaintiff's ability to go about intelligently addressing the subject debt was materially impeded by Defendant's collection letter given the letter's failure to provide substantive information designed to provide Plaintiff with sufficient information to go about addressing and assessing the debt serving as the basis of Defendant's collection letter.

25. Defendant's collection letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

26. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure to clearly identify the creditor to whom a debt is owed, as well as failing to provide any information that would allow Plaintiff to determine the account upon which Defendant was attempting to collect, deprived Plaintiff from being able to determine the legitimacy and appropriateness of Defendant's collection efforts – an underlying interest which is at the core of the FDCPA.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

29. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

30. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is the primary purpose of its business.

31. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a.   Violations of the FDCPA § 1692e

32. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

33. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. §1692e(10).

5

34. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor to whom the subject debt was owed in the collection letter. Defendant's collection letter misled and deceived Plaintiff, and similarly misleads and deceives the least sophisticated consumer, as to the precise entity said to be owed the debt serving as the basis of Defendant's collection efforts. Defendant's use of a non-obvious and never-previously-encountered acronym to describe the creditor to whom the debt was owed is insufficient under the FDCPA.

35. Defendant further violated 15 U.S.C. §§ 1692e & e(10) through its confusing and misleading representations as to the original creditor of the subject debt. Defendant's collection letter and articulation (or lack thereof) of the original creditor confused and misled Plaintiff by depriving Plaintiff of necessary information which would have allowed Plaintiff to properly assess and determine the validity of Defendant's collection efforts.

**b. Violations of the FDCPA § 1692g**

36. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains, among several other disclosures, "the name of the creditor to whom the debt is owed."

37. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. Defendant's use of a non-obvious and never-previously-encountered acronym to describe the creditor to whom Plaintiff's purported debt was owed falls woefully short of the clarity necessary to comply with 1692g(a)(2). The whole purpose of this provision is to provide consumers with information about who should be contacted in order assess the legitimacy of a debt collector's collection efforts – a purpose which was inherently frustrated by Defendant's deficient identification of the creditor to whom Plaintiff's purported debt was owed.

6

WHEREFORE, Plaintiff, RUFUS GARTRELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

## COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

38. Plaintiff restates and realleges paragraphs 1 through 37 as though fully set forth herein.

39. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

40. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

41. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.17**

42. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17 states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

43. As outlined above, through their conduct in attempting to collect upon the subject debt, Defendant violated 1788.17; and 15 U.S.C. §§1692e and g of the FDCPA. Defendant engaged in deceptive and noncompliant conduct in its attempts to collect a debt from Plaintiff, in violation of the RFDCPA.

7

44. Defendant willfully and knowingly violated the RFDCPA. Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, RUFUS GARTRELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and

e. Award any other relief as the Honorable Court deems just and proper.

Dated: July 21, 2020                    Respectfully submitted,

                                        By: /s/ Nicholas M. Wajda
                                        Nicholas M. Wajda
                                        **WAJDA LAW GROUP, APC**
                                        6167 Bristol Parkway
                                        Suite 200
                                        Culver City, California 90230
                                        Telephone: 310-997-0471
                                        Facsimile: 866-286-8433
                                        E-mail: nick@wajdalawgroup.com

8